IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL DION LOVINGS, TDCJ #1984211, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3241 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent.[1] | § § | |

## MEMORANDUM OPINION AND ORDER

Carl Dion Lovings (TDCJ #1984211) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a conviction entered against him in Harris County, Texas. After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

## I. Background

On February 19, 2015, Lovings was convicted of aggravated assault of a family member in Harris County Cause No. 1419029.[2]

---

[1]The Petition lists former Director of the Texas Department of Criminal Justice Brad Livingston as the respondent. Because Livingston has retired, Director Lorie Davis is automatically substituted in his place pursuant to Fed. R. Civ. P. 25(d).

[2]Petition, Docket Entry No. 1, pp. 2-3.

Lovings received a 33-year prison sentence in that case, which was affirmed on direct appeal in an unpublished opinion. See Lovings v. State, No. 14-15-00167-CR, 2016 WL 1237875 (Tex. App. — Houston [14th Dist.] March 29, 2016, pet. ref'd). After the Texas Court of Criminal Appeals refused his petition for discretionary review on July 27, 2016, the United States Supreme Court denied his petition for a writ of certiorari on January 9, 2017. See Lovings v. Texas, 137 S. Ct. 643 (2017).

In a Petition that was executed on August 31, 2018,[3] Lovings now contends that he is entitled to federal habeas corpus relief under 28 U.S.C. § 2254 because only one witness testified against him at trial, which was insufficient evidence to support the jury's guilty verdict.[4] Lovings also asserts that his trial counsel failed to properly challenge testimony about the victim's credibility or to properly object to medical evidence.[5]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are

---

[3] Id. at 10.

[4] Id. at 6.

[5] Id.

subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

To the extent that Lovings challenges a state court judgment of conviction, the statute of limitations began to run pursuant to § 2244(d)(1)(A) when the challenged judgments became final. In this case, the challenged conviction became final when the Supreme

Court denied his petition for a writ of certiorari on January 9, 2017. See Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012). That date triggered the statute of limitations, which expired one year later on January 9, 2018. The pending Petition, executed by Lovings on August 31, 2018, is late by more than eight months and is therefore barred from federal review unless a statutory or equitable exception applies.

B. Statutory Tolling

A habeas petitioner may be entitled to statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Public records reflect that Lovings filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure on May 8, 2018,[6] which the Texas Court of Criminal Appeals denied on August 8, 2018.[7] However, this application does not toll the limitations period under § 2244(d)(2) because it was filed after the period of limitations expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

---

[6]See Harris County District Clerk's Office website located at: https://www.hcdistrictclerk.com (last visited Oct. 3, 2018) (reflecting receipt on May 14, 2018, of a state habeas corpus application that was signed by Lovings on May 8, 2018).

[7]Petition, Docket Entry No. 1, p. 4.

The pleadings do not disclose any other valid basis for statutory tolling. Lovings does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Likewise, none of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a "new factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). Therefore, the Petition is time-barred unless there is an equitable reason to toll the statute of limitations.

## C. Equitable Tolling

When asked to explain why his Petition is not barred by the statute of limitations, Lovings appears to request equitable tolling on the grounds that he lacked "knowledge of the law."[8] The Supreme Court has clarified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). It is well established, however, that a pro se petitioner's ignorance of the law does not excuse his

---

[8] Petition, Docket Entry No. 1, p. 9.

failure to file a timely habeas petition and is not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," "illiteracy," and "ignorance of legal rights" generally do not justify tolling). Because Lovings has not articulated any valid basis for tolling the statute of limitations, the court concludes that this action must be dismissed as untimely filed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) filed by Carl Dion Lovings is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

2. The petitioner's Application to Proceed Without Prepayment of Fees (Docket Entry No. 2) is **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 3rd day of October, 2018.

    _____
              SIM LAKE
    UNITED STATES DISTRICT JUDGE